UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DON KING PRODUCTIONS, INC.,**
Plaintiff

**CIVIL NO. 05-2005(DRD)**

v.

**RAIZZETTE'S CAFÉ A/K/A/ RAICES
CAFE, et als.**
Defendants

### DEFAULT JUDGMENT

On September 23, 2005, Don King Productions, Inc. ("Don King") filed a suit against Raizzette's Café a/k/a Raices Cafe, Blanca Sepulveda, her husband Fulanto De-Tal, the Conjugal Partnership between them, and ABC Insurance Company. The lawsuit charged the defendants with the violation of provisions of the Federal Communications Act of 1934, specifically, 47 U.S.C. § 605. (Docket No. 1).

Upon failure of all defendants to timely file an answer or any other responsive pleading, Don King moved for an entry of default against them. (Docket No. 6)  Accordingly, on November 7, 2005, the Clerk entered default as to the abovementioned defendants. (Docket No. 7). Now, pending before the Court are Don King's *Motion for Default Judgment*. (Docket No. 8).

"The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins. Co. v. Colon-Rivera, 204 F.Supp.2d 273, 274-75 (D.P.R. 2002), *citing:* Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (*In re* The Home Restaurants, Inc.), 285 F.3d 111, 114 (1st Cir. 2002) ("a party gives up right to contest liability 'when it declines to participate in the judicial process'"); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n. 3 (1st Cir. 1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); Goldman, Antonetti, Ferraiouli, Axtmayer & Hertell v. Medfit Int'l., Inc., 982 F.2d 686, 693 (1st Cir. 1992) ("an entry of a default against a defendant establishes the defendant's liability"); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law."), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976) ("[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established ... defendant's liability"); *see also* Caribbean Produce Exchange v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46 (D.P.R. 1974) **("it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.... Defendant is deemed to have admitted all well pleaded allegations in the complaint. At the most, all that defendant can do is question the extent of the damages suffered by the plaintiff").**

After careful consideration of said *Motion* and the exhibits thereto, as well as applicable law, the Court finds that Don King established through competent evidence that damages are appropriate

as a result of defendants' illegal misappropriation of a transmission the boxing event Felix Trinidad v. Ricardo Mayorga held on October 2, 2004. Mr. Saul Feliciano's affidavit clearly establishes the willful violation of the statutes for the direct or indirect commercial benefit of the defendants. Accordingly, the **DEFAULT** entered on November 7, 2005 by the Clerk of Court against the aforementioned defendants is hereby **APPROVED AND RATIFIED**.

**DEFAULT JUDGMENT** is hereby **ENTERED** in favor of plaintiff, Don King Productions, Inc. against the defendants.

Plaintiff is entitled to recover **$10,000.00** from defendants in statutory damages for the unauthorized publication of the communication pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(III).

Plaintiffs are also entitled to recover the amount of **$2730.00** in attorney's fees in total as to all defendants. Defendants will also be responsible for the payment of the statutory interests from the date of the issuance of this default judgment.

Costs are awarded to plaintiff. Plaintiff is to file its costs memorandum within the time set forth by the Local Rules.

**IT IS SO ORDERED AND ADJUDGED.**

Date: April 10, 2006                                S/ Daniel R. Dominguez
                                                    **DANIEL R. DOMINGUEZ**
                                                    **DISTRICT COURT JUDGE**